UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Plaintiff, | : | 26-CV-5904 (VSB) |
| -against- | : | **ORDER** |
| PENNANTPARK FLOATING RATE CAPTIAL LTD *et al.*, Defendants. | : | |

VERNON S. BRODERICK, United States District Judge:

I have reviewed Plaintiff's complaint, filed on July 13, 2026. (Doc. 1 ("Compl.").) In the complaint, Plaintiff alleges that I have "original jurisdiction over this civil action under 28 U.S.C. § 1335(a), and 2361 because the value of the funds exceeds $500 and two or more adverse claimants of diverse citizenship." (*Id.* ¶ 11.) Plaintiff also alleges that: (1) it is "an insurance company authorized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 1271 Avenue of the Americas, New York, New York 10020," (*id.* ¶ 4), i.e., that it is a citizen of Pennsylvania and New York, *see* 28 U.S.C. § 1332 ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."); and (2) that Defendant PennantPark Floating Rate Capital Ltd. ("PennantPark") is "a corporation registered in Maryland, with offices at 2405 York Road, Suite 201, Lutherville Timonium MD 21093 and 1350 Avenue of the Americas, 32nd Floor, New York, New York 10019," without pleading PennantPark's principal place of business, (*id.* ¶ 5).

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d

Cir. 2000). Therefore, "[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (alteration in original) (internal quotation marks omitted). "[T]he citizenship of every plaintiff must be diverse from the citizenship of every defendant in order to authorize the exercise of diversity jurisdiction by a federal court." *Tecon Oil Servs. Ltd. v. Bayerische Hypo-Und Vereinsbank*, 492 F. Supp. 2d 398, 399 (S.D.N.Y. 2007). Courts are "entitled at any time *sua sponte* to delve into the issue of whether there is a factual basis to support the District Court's exercise of subject matter jurisdiction." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997). Here, Plaintiff does not plead complete diversity because he does not indicate whether PennantPark's principal place of business is in New York or Maryland.

Furthermore, the citizenship of an LLC "is [not] determined [ ] by the LLC's place of incorporation or principal place of business, but by the citizenship of each member of the LLC." *Agility Logistics Corp. v. Elegant USA, LLC*, No. 09-CV-4719, 2009 WL 3094898, at *1 (S.D.N.Y. Sept. 25, 2009). For diversity purposes, an LLC is a citizen of every state of which its members are citizens. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000). The Amended Complaint does not list the members of Defendants NPS Holding Group, Aeonion Alliance Investments, LLC, and NPS Debt Acquisition, LLC, (*see* Compl. ¶¶ 6–8), and the citizenship status of these Defendants' respective members. *See Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 447 (S.D.N.Y. 2014) (to invoke diversity jurisdiction, plaintiff must establish "the citizenship of each member of the limited liability company" (citing *Krause v. Forex Exch. Mkt., Inc.*, 356 F. Supp. 2d 332, 336 (S.D.N.Y. 2005))). Therefore, Plaintiffs have not established diversity jurisdiction as to these Defendants.

By statute, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. The Second Circuit has established that "[s]uch amendments will be freely permitted where necessary to avoid dismissal on purely technical grounds." *Canedy*, 126 F.3d at 103.

Accordingly, it is hereby:

ORDERED that Plaintiff's complaint is DISMISSED *sua sponte* without prejudice, and no later than July 25, 2026, Plaintiff shall file a second amended to cure the defects identified herein.

SO ORDERED.
Dated: July 15, 2026
New York, New York

Vernon Broderick

Vernon S. Broderick
United States District Judge